UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Carol Sinclair,

    Plaintiff,

v.      Case No. 18-13652

Henry Ford Health System,     Sean F. Cox
    United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER

This is the second action that this *pro se* plaintiff has filed against her former employer, Defendant Henry Ford Health System, who terminated her back in 2015. The matter is before the Court on Defendant's Motion to Dismiss. The motion has been briefed by the parties and the Court heard oral argument on April 11, 2019. For the reasons set forth below, the Court shall: 1) dismiss Plaintiff's federal Title VII claims with prejudice, because they are untimely; and 2) decline to exercise supplemental jurisdiction over her state-law claims, having dismissed the only federal claims at a very early stage of the litigation (ie., upon a motion to dismiss filed before the Court has even held a scheduling conference.)

### BACKGROUND

Acting *pro se*, Plaintiff Carol Sinclair ("Sinclair") filed this action on November 21, 2018. Her complaint states that she asserts that this Court has federal-question jurisdiction over this action (Compl. at 3), yet the "federal statute" upon which she bases her claims in this action is identified as the "Elliott-Larsen Civil Rights Act." (Compl. at 4; *see also* Civil Cover Sheet).

Sinclair identified this case as a companion case to Case Number 16-12757, that was

1

assigned to the Honorable Gerald Rosen. (*Id*.). Sinclair checked a box indicating that her current case had previously been filed and dismissed. The Court will refer to that prior action as the 2016 Case. Because Judge Rosen has since retired, this case was not reassigned to him as a companion case to the 2016 Case.

The docket reflects that Sinclair filed the 2016 Case against Henry Ford Health System on July 26, 2016. The complaint in that case alleged that in June of 2015, a manager had made an inappropriate comment about it being "KK day" and that Sinclair reported that to her manager. She alleged that she was later placed on a performance improvement plan ("PIP") and was later fired on November 18, 2015. Sinclair alleged in the 2016 Case that she was placed on the PIP and was terminated in retaliation for her having reported the comment by the manager. Sinclair attached a "Right to Sue Letter" from the EEOC to her complaint in the 2016 Case. (ECF No. 1 at PageID3 in Case No. 16-12757). That letter was dated May 3, 2016 and advised Sinclair that she had to file suit within 90 days of receipt of the letter. At Sinclair's request, the 2016 Case was dismissed without prejudice on December 9, 2016.

On November 21, 2018 – nearly two years later – Sinclair filed this action. Sinclair's Complaint in this action is again based on her prior employment with Defendant, the 2015 "KK day" comment, her having been placed on PIP after reporting the comment, and her eventual termination in 2015.

Because Sinclair's Complaint in this action only references the ELCRA, a state statute, this Court issued an Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 4). Sinclair responded to that order, asserting that she is seeking to pursue claims under "the Civil Rights Act of 1964," a reference to Title VII.

2

(ECF No. 8).

Defendant filed a Motion to Dismiss in this case on December 13, 2018, under Fed. R. Civ. P. 12(b)(1) (subject matter jurisdiction) and 12(b)(6) (failure to state a claim). This motion asserts that this case should be dismissed on several grounds: 1) lack of subject matter jurisdiction, because Sinclair's complaint only references the ELCRA; 2) failure to state a claim under the ELCRA, due to insufficient allegations; 3) Sinclair cannot pursue litigation because she agreed to arbitrate all disputes when she began employment with Defendant; and 4) to the extent she's now claiming that her claims are brought under Title VII, they should be dismissed as untimely.

Sinclair filed a response that states that she is seeking relief under Title VII and that she "received a right to sue letter from EEOC." (ECF No. 13). In her response, Sinclair does not deny that she agreed to arbitrate any claims with Defendant when she began her employment with Defendant but questions whether the agreement is legally-binding without a signature from Defendant's representative. She also asserts that "Arbitration would have been problematic given the adverse working conditions. The director had already stated if I didn't quit, I would be fired. An unbiased ruling would not have been in my favor." (*Id*. at 6).

Defendant's Reply Brief states that Sinclair never filed for arbitration after the 2016 Case was dismissed. Defendant asserts that to the extent Sinclair asserts a Title VII claim in this action, it is untimely. Defendant also notes that Sinclair has not addressed Defendant's other legal challenges.

## ANALYSIS

**I.      Sinclair's Title VII Claims Are Untimely And Shall Be Dismissed With Prejudice.**

Sinclair's Show Cause Response and her brief in response to Defendant's motion both indicate that she is seeking to pursue Title VII claims against Defendant in this action.

Defendant correctly notes that any Title VII claims that Sinclair seeks to assert that are based on her 2015 termination, or events that preceded it, are time-barred.

As explained by the Sixth Circuit in *Peeples v. City of Detroit*, 891 F.3d 622 (6th Cir. 2018):

> Congress gave the EEOC initial enforcement responsibility for employment discrimination claims brought under Title VII. *Younis v. Pinnacle Airlines, Inc*., 610 F.3d 359, 361 (6th Cir. 2010). Accordingly, a plaintiff must first file an administrative charge with the EEOC within a certain time that alleges the wrongful conduct. *Id*. "The Charge must be 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Id.* (quoting 29 C.F.R. § 1601.12(b)). A plaintiff must exhaust administrative remedies before filing suit in federal court. *Id*. at 362. To properly exhaust, a plaintiff must: "(1) timely file a charge of employment discrimination with the EEOC; and (2) receive and act upon the EEOC's statutory notice of the right to sue ('right-to-sue letter')" *Granderson v. Univ. of Michigan*, 211 Fed. Appx. 398, 400 (6th Cir. 2006).

*Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018).

Here, Sinclair filed an EEOC charge following her having been placed on a PIP, and then having been terminated, by Defendant in 2015. Sinclair received a "right to sue" letter from the EEOC on May 3, 2016, which advised her that she had to file suit against Defendant within 90 days of receipt of that letter.

But Sinclair did not file this action against Defendant until more than two full years later, on November 21, 2018. As such, Sinclair cannot proceed with these Title VII claims against Defendant. The Court shall dismiss her Title VII claims against Defendant with prejudice.

**II.    Having Dismissed The Only Federal Claims In This Action At A Very Early Stage, The Court Declines To Exercise Supplemental Jurisdiction Over Sinclair's State-Law Claims.**

4

As Defendant's motion notes, Sinclair's ELCRA claims are state-law claims over which this Court lacks subject matter jurisdiction.

Given that the Court is dismissing the only federal claims in this action at a very early stage (ie, on a motion to dismiss, before even having held a scheduling conference), the Court declines to exercise supplemental jurisdiction over Sinclair's state-law claims and shall dismiss those claims without prejudice.

## CONCLUSION & ORDER

For the reasons set forth above, the Court ORDERS that Plaintiff's Title VII claims in this action are DISMISSED WITH PREJUDICE. The Court DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION over Plaintiffs' state-law claims and dismisses those claims without prejudice.

IT IS SO ORDERED.

s/Sean F.p Cox
Sean F. Cox
United States District Judge

Dated: April 12, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 12, 2019, by electronic and/or ordinary mail.

s/Kristen MacKay
Case Manager Generalist